UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES, CDCR #G-35669,<br><br>                        Plaintiff,<br>v.<br>SUMMER STEPHAN, District Attorney,<br>                        Defendant. | Case No.: 24-CV-846 JLS (MSB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

Plaintiff Rayon Jones, proceeding without counsel and while incarcerated at Salinas Valley State Prison ("SVSP"), in Soledad, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983, *see* ECF No. 1, together with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* ECF No. 2.

For the reasons below, the Court **DENIES** Plaintiff's Motion and **DISMISSES** his case without prejudice, but **GRANTS** Plaintiff leave to re-open by either paying the filing fee required by 28 U.S.C. § 1914(a), or filing a supplemental Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)'s trust account reporting requirements within forty-five (45) days.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)–(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 766–67 & n.3 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1    Here, Plaintiff's Motion to Proceed IFP is incomplete; he has not attached a certified copy of his SVSP or CDCR Inmate Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without these certified trust account statements, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## CONCLUSION

For the foregoing reasons, the Court:

(1)   **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(2)   **DISMISSES WITHOUT PREJUDICE** this civil action for failure to prepay the civil filing fees required by 28 U.S.C. § 1914(a);

(3)   **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by *either*: (a) prepaying the entire $405 civil filing and administrative fee in one lump sum; *or* (b) completing and filing a renewed Motion to Proceed IFP that includes a prison certificate, signed by a SVSP trust accounting official attesting as to his trust account balances and deposits, and/or a certified copy of his CDCR Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b);[2] and

/ / /

---

[2] Plaintiff is cautioned that if he chooses to re-open the case by either paying the full $405 civil filing fee up front, or by submitting a properly supported renewed Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee all at once, or is granted IFP status and is obligated to pay the full fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening requirement for all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity" (internal quotation marks omitted) (quoting 28 U.S.C. § 1915A(a)).

(4)     **DIRECTS** the Clerk of the Court to mail Plaintiff a blank form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his convenience should he elect to renew his request to proceed IFP. If Plaintiff chooses this option, he must include Case No. 24-CV-846 JLS (MSB) on the first page of his renewed Motion before submitting it to the Clerk for filing.

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting a renewed Motion to Proceed IFP within forty-five (45) days, this civil action will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: May 16, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge