UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES, CDCR #G-35669,<br><br>                                  Plaintiff,<br>v.<br><br>SUMMER STEPHAN, District Attorney,<br>                                 Defendant. | Case No.: 24-CV-846 JLS (MSB)<br><br>**ORDER GRANTING RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>(ECF No. 4) |

      Presently before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Rayon Jones, a prisoner at Salinas Valley State Prison ("SVSP"), who is proceeding without counsel. *See* ECF No. 1 ("Compl."). Plaintiff claims the San Diego County District Attorney violated his due process rights by failing to timely bring him to trial on criminal charges in response to a California Penal Code § 1381 demand he submitted in December 2022. *Id.* at 3. Plaintiff seeks $5,000 in punitive damages. *Id.* at 8.

      Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but instead filed a motion seeking leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. While Plaintiff's initial IFP motion was

denied based on his failure to attach certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), he has since filed a renewed IFP motion correcting that deficiency. ECF No. 4 ("Mot.").

For the reasons explained below, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP but **DISMISSES** his Complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it fails to state a claim upon which § 1983 relief can be granted and seeks monetary damages from a defendant who is absolutely immune.

## RENEWED MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

While "[t]he previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the [Prison Litigation Reform Act ("PLRA")] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)–(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess," as well as a "certified copy of the[ir] trust fund account statement

---

[1] In addition to the $350 statutory fee, civil litigants filing suit are required to pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The administrative portion of the fee does not apply to persons granted leave to proceed IFP. *Id.*

(or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)–(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "shall assess and, when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 766 & n.3 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's renewed IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, Plaintiff has submitted a prison certificate issued by an SVSP Trust Account Officer Supervisor, as well as a copy of his CDCR Inmate Statement Report. Mot. at 6, 8–10; *see also* S.D. Cal. CivLR 3.2; *King*, 398 F.3d at 1119. These documents show Plaintiff maintained an average monthly balance of $373.40, but had no money deposited to his account over the 6-month period immediately preceding the filing of his Complaint. Plaintiff had an available balance of $64.49 at the time of filing. Mot. at 6, 8.

Based on this accounting, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP and assesses an initial partial filing fee of $74.68 pursuant to 28 U.S.C. § 1915(b)(1). However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is

ordered"). Pursuant to 28 U.S.C. § 1915(b)(2), the CDCR or any agency later having custody must forward payments to the Clerk until the $350 statutory fee is paid in full.

# SCREENING

## I. Standard of Review

Because Plaintiff is a prisoner and proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion thereof, if it is found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotations omitted) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678. And while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (internal quotations omitted) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of [claims] that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal quotation and citation omitted).

## II. Factual Allegations

Plaintiff claims the San Diego County District Attorney violated his Fourteenth Amendment rights by failing to timely bring him to trial on charges for indecent exposure in violation of Cal. Penal Code § 314 in response to a demand he submitted while incarcerated at Richard J. Donovan Correctional Facility pursuant to Cal. Penal Code § 1381. *See* Compl. at 3, 11. Plaintiff attaches a copy of his CDCR Form 643 Notice and Demand for Trial dated December 25, 2022, as well as the Office of the San Diego District Attorney's January 17, 2023 letter in response.[2] *Id.* at 3, 10.

---

[2] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference," when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal.*

The January 17, 2023 letter, which is not signed by Defendant Summer Stephan, but instead by a deputy district attorney in the District Attorney's Office Case Issuing & Extradition Division, acknowledges Plaintiff's Penal Code § 1381 demand was received on December 29, 2022. *Id.* at 10. However, the letter informs Plaintiff that "[a]fter a thorough search of local criminal records, using the information [Plaintiff] provided, we are unable to find any outstanding matters pending against [him] in this jurisdiction." *Id.* Plaintiff was advised that if he believed he had "outstanding matters . . . with a different name or date of birth, [he must] provide [] specific case numbers." *Id.*

Plaintiff does not allege what, if anything, he did in response to the January 17 letter, but he claims "8 months after the District Attorney received the demand," an unidentified trial court "signed an order of removal" in an unspecified case. *Id.* Plaintiff contends District Attorney Stephan's failure to bring him to trial within 90 days of his Penal Code § 1381 demand violates due process, requires a "dismiss[al] of the charges," and entitles him to $5,000 in punitive damages. *Id.* at 3, 8.

## III.  Discussion

Plaintiff's Complaint requires *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) both because it fails to state a claim upon which § 1983 relief can be granted and because he seeks damages from a defendant who is absolutely immune. *Iqbal*, 556 U.S. at 678; *Shroyer* 622 F.3d at 1041; *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting application of 28 U.S.C. § 1915(e)(2)(b)(iii) to claims barred by absolute immunity).

### A.  Heck Bar

First, to the extent Plaintiff seeks damages based on a violation of his constitutional right to a speedy trial, a § 1983 civil rights suit offers him no recourse. "Federal law opens two main avenues to relief on complaints related to imprisonment." *Muhammad v. Close*,

---

*Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Claims related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." (citing *Wilkinson*, 544 U.S. at 81–82)).

Here, because Plaintiff seeks damages based on an alleged speedy trial violation,[3] his suit is subject to dismissal because he may not pursue such claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing the underlying conviction at issue has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck,* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

---

[3] California's speedy trial statute provides in pertinent part:

> Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . and has entered upon his or her term of commitment, and at the time of the entry upon the term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought to trial or for sentencing.

Cal. Penal Code § 1381; *Paine v. McCarthy*, 527 F.2d 173, 175 (9th Cir. 1975) (identifying Section 1381 as the State's "speedy trial law").

> sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*; *see also Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054–55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser*, 411 U.S. at 498–99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Because Plaintiff seeks damages based on claims that the District Attorney failed to timely comply with his Penal Code § 1381 demand, and that he was denied his right to a speedy trial as a result, *see* Compl. at 3, he may not proceed pursuant to § 1983 unless and until he can show that the conviction which resulted has already been invalidated. *Heck*, 512 U.S. at 486–87; *Ramirez*, 334 F.3d at 855–56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'" (quoting *Heck*, 512 U.S. at 489)). A federal district court cannot invalidate a state court criminal conviction pursuant to § 1983 if an award of damages based on that conviction would necessarily imply its constitutional validity and consequently affect the duration of Plaintiff's confinement. *Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo*, No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release[,] . . . or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or

lengthier sentence, his sole federal remedy is the writ of habeas corpus."); *see also Munywe v. Peters*, No. 3:21-cv-05431-BJR-JRC, 2022 WL 2975010, at *6 (W.D. Wash. Jan. 24, 2022) (dismissing plaintiff's speedy trial claim because it called into question the validity of his underlying conviction and was therefore *Heck*-barred); *Gibbs v. Contra Costa Cnty.*, No. C 11-00403-MEJ, 2011 WL 1899406, at *3 (N.D. Cal. May 19, 2011) (dismissing a speedy trial claim as *Heck*-barred because such a claim "necessarily implies" the invalidity of the plaintiff's conviction); *Velasco v. Balaam*, No. 2:23-CV-00192-CDS-DJA, 2024 WL 2721191, at *4 (D. Nev. May 24, 2024) (same). A habeas petition, rather than a civil rights complaint, is the proper vehicle for bringing a claim that a petitioner's speedy trial rights are being violated. *See e.g.*, *Lopez v. Haskell*, No. 5:18-cv-01196-CJC-KES, 2018 WL 4223765, at *4 (C.D. Cal. July 11, 2018) (finding that speedy trial violation could not be raised in civil rights complaint because "a finding in the plaintiff's favor would necessarily imply the invalidity of the underlying convictions"), *report and recommendation adopted*, 2018 WL 4219191 (C.D. Cal. Sept. 4, 2018).

Thus, because Plaintiff does not allege to have already invalidated the conviction, which forms the basis of his suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), *see Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### B. Prosecutorial Immunity

Second, to the extent Plaintiff claims Defendant Stephan violated his right to a speedy trial in both her official and individual capacities as the District Attorney for the County of San Diego, *see* Compl. at 2, his Complaint must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b) because the District Attorney is entitled to absolute prosecutorial immunity.

Criminal prosecutors are entitled to absolute immunity from damages liability for actions "intimately associated with the judicial phase of the criminal process." *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976). This immunity specifically attaches to the initiation of a prosecution and in the presentation of the state's case. *Id.* at 431; *see also Burns v. Reed*, 500 U.S. 478, 492 (1991) (noting "pretrial court appearances by the prosecutor in support of taking criminal action against a suspect" are protected by absolute immunity); *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (holding state prosecutors to be absolutely immune from suit for "'initiating a prosecution' and 'presenting the State's case'" (quoting *Imbler*, 424 U.S. at 431)); *see also Lomeli v. Cnty. of San Diego*, 637 F. Supp. 3d 1046, 1076–77 (S.D. Cal. 2022) (finding San Diego County District Attorney entitled to absolute prosecutorial immunity in § 1983 case for initiating charges "intimately associated with the judicial phase of the criminal process" (quoting *Imbler*, 424 U.S. at 430)).

## IV.   Leave to Amend

Finally, while the Court typically grants unrepresented litigants leave to amend in light of their pro se status, it concludes that doing so in this case would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

A § 1983 complaint barred by *Heck* may be dismissed for failure to state a claim when the pleading as a whole "present[s] an obvious bar to securing relief." *Washington*, 833 F.3d at 1055 (internal quotation and citation omitted). "[T]he PLRA expressly authorize[s] the district court to dismiss [a] complaint [barred by *Heck*] for failure to state a claim at any time, even when . . . the legal basis for the dismissal [is raised] o[n] its own accord." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). Dismissal of the complaint without leave to amend is appropriate if, as is true in this case, "amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Amendment is futile because even if Plaintiff's speedy trial claims were not barred by *Heck*, or Defendant Stephan were not entitled to absolute prosecutorial immunity,

Plaintiff's own exhibit demonstrates no charges were pending against him at the time he made his Penal Code § 1381 demand in December 2022. *See* Compl. at 10. Therefore, the asserted speedy trial violation alleged in his Complaint is unfounded as a matter of law. *See e.g.*, *People v. Belton*, 8 Cal. Rptr. 2d 669, 669 (Ct. App. 1992) ("[B]ecause no charge had been filed against him as of the date he made his demand, he was not a person described by Penal Code section 1381 and his demand did not have the effect of triggering the 90–day rule."); *see also People v. Evans*, No. G041341, 2009 WL 1766727, at *2 (Cal. Ct. App. June 23, 2009) (unpub.) (finding "no support for a section 1381 violation" because "[a]t the time defendant notified the district attorney, the current charges had not [yet] been filed"); *Mousa v. Trump Admin.*, No. 1:19-CV-01349 LJO SAB PC, 2019 WL 6051611, at *5 (E.D. Cal. Nov. 15, 2019) (dismissing prisoner's § 1983 unlawful detainer claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because "[s]ection 1381 only addresses a *pending* 'indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced'") (emphasis added) (internal citation omitted).

## CONCLUSION

In light of the foregoing, the Court:

1) **GRANTS** Plaintiff's renewed motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4);

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $74.68 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim and for seeking damages from a defendant who is absolutely immune pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) without prejudice, but without leave to amend;[4]

5) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: August 21, 2024

Hon. Janis L. Sammartino
United States District Judge

---

[4] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (holding claims barred by *Heck* to be dismissed without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction"); *Briggs v. Enriquez*, No. CV 17-4615-FMO, 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).